**FILED**

**MAR 2 2 2013**

CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ] Case No. 11-56798 |
| | ] |
| GLORIA ELENA DHEMING, | ] Chapter 11 |
| | ] |
| Debtor(s). | ] |

**MEMORANDUM DECISION RE: VALUATION DATE**

This matter is before the Court on Redwood Mortgage Investors VIII's ("Redwood") Objection to Debtor's Combined Plan and Disclosure Statement. The parties disagree as to the appropriate date of valuation, for plan confirmation purposes, of the real property located at 2787 California Street, San Francisco, California ("Property"). Debtor argues the valuation date for Redwood's secured claim is the petition date, while Redwood argues that it is the confirmation date.

This chapter 11 was filed on July 21, 2011, 18 months ago. Redwood holds a junior lien on the California property; Select Portfolio Servicing, Inc. holds the first deed of trust in the amount of $1,554,128.79. On Debtor's amended Schedule A filed October 11, 2011, Debtor valued the Property at $925,000. Appraisals conducted since filing have valued the property at $1,387,500 (November 2011), and $2,000,000 (February 2012).

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

1  Redwood has filed a proof of claim asserting a $660,703.90 secured

2  claim.

3

4                               **ANALYSIS**

5      The Bankruptcy Code does not specify the appropriate date to

6  use in valuing collateral. Section 506(a) provides:

7       An allowed claim of a creditor secured by a lien on
        property in which the estate has an interest . . . is a
8       secured claim to the extent of the value of such creditor's
        interest in the estate's interest in such property . . .
9       and is an unsecured claim to the extent that the value of
        such creditor's interest . . . is less than the amount of
10      such allowed claim. <u>Such value shall be determined in light
        of the purpose of the valuation and of the proposed</u>
11      <u>disposition or use of such property, and in conjunction</u>
        <u>with any hearing on such disposition or use or on a plan</u>
12      <u>affecting such creditor's interest</u>.

13  § 506(a)(emphasis added).

14      In keeping with this statutory language, courts use different

15  valuation dates depending upon the purpose of the valuation. <u>See</u>

16  <u>In re Briggs Transportation Co.</u>, 780 F.2d 1339, 1349 (8th Cir.

17  1985). For example, courts generally use the petition date for

18  purposes of determining adequate protection under § 361, avoiding

19  liens under § 522(f), and redemption under § 722. <u>See</u> <u>In re Wood</u>,

20  190 B.R. 788, 792-93 (Bankr. M.D. Pa. 1996) (citing cases).

21  However, the majority of courts agree that for purposes of

22  determining the amount of a secured creditor's claim in the context

23  of plan confirmation, the relevant collateral should be valued as

24  of the effective date of the plan. <u>Id.</u> (citing cases); <u>see also</u>

25  Alan N. Resnick and Henry J. Sommer, eds., 4 <u>Collier on Bankruptcy</u>

26  ¶ 506.03[10]; Hon. William L. Norton, Jr. and William L. Norton

27  III, eds., 3 <u>Norton Bankruptcy Law and Practice</u>, § 52:8, page 52-13

28  (3d ed. 2012) ("In cases concerning confirmation of a plan, courts

2

have held that absent bad faith or excessive delay before plan confirmation, value should be determined on the date of the confirmation hearing or the valuation hearing.").

Representative cases following this approach are <u>In re Ahlers</u>, 794 F.2d 388, 398 (8th Cir. 1986), <u>rev'd on other grounds</u>, 485 U.S. 197 (1988) (for purposes of the reorganization plan, the value of the collateral is to be determined at the time for confirmation of that plan); <u>In re Heritage Highgate, Inc.</u>, 679 F.3d 132, 143 (3d Cir. 2012) (confirmation date was the appropriate time to value collateral because the confirmed plan called for Debtors to retain ownership of the property); <u>In re Eblen</u>, 1991 WL 284108, at *2 (Bankr. N.D. Cal. 1991); <u>In re Stanley</u>, 185 B.R. 417 (Bankr. D. Conn. 1995); and <u>In re Seip</u>, 116 B.R. 709, 710 (Bankr. D. Neb. 1990).

In contrast, in <u>In re Flagler-At-First Associates, Ltd.</u>, 101 B.R. 372 (Bankr. S.D. Fla. 1989), the court ruled that the petition date was the appropriate date for valuation of a secured claim on a commercial property. The bankruptcy court reasoned that § 502 and § 506 should be read together. <u>Id.</u> at 376. Section 502 provides that the court is to determine the amount of a claim as of the date of the filing of the petition. Thus, according to the court, when § 506 refers to "allowed claims" being "secured claims" it is intended to be consistent with § 502(b), that is, an allowed secured claim is to be determined as of the filing of the petition. 101 B.R. at 376. The court interpreted the last sentence of § 506(a) as follows: "[E]ven though the value determined in a Section 506 hearing takes into account a proposed disposition of

the property, the allowed secured claim is still fixed as of the filing date." Id. at 377.

In In re Beard, 108 B.R. 322 (Bankr. N.D. Ala. 1989), the bankruptcy court also concluded that the petition date was the appropriate date for valuation for all purposes. Beard involved the valuation of depreciating equipment. The court found that when depreciating collateral is involved, the valuation at a later date could effect an unlawful "taking" of property without due process. Id. at 326-27. The Court opined that the last sentence of § 506(a)(1) was apparently "thrown in for 'good measure' to make clear that a creditor's property rights in a bankruptcy case are determined for other purposes as they are for the allowance of the creditor's secured claim." Id. at 326.

The Court does not find these latter cases to be persuasive. Using § 502 as a justification for valuing all secured claims as of the petition date would render the last sentence of § 506(a)(1) superfluous.

Other courts have opted for a flexible standard that turns on the equities of the case. Debtor cites In re Aubain, 296 B.R. 624 (Bankr. E.D.N.Y. 2003), in which the bankruptcy court used the value as of the petition date to permit debtor to strip off a lien in her chapter 13 case. The debtor sought to retroactively strip off a junior lien that was wholly unsecured as of petition date. Over the course of the plan the real property collateral had increased in value. The court found the equities weighed in favor of using the petition date as the date of valuation, which allowed debtor to strip the junior lien.

1   In <u>Wood</u>, the Debtor had upgraded the zoning of her real

2   property during the pendency of her chapter 11 case, which resulted

3   in an approximately $20,000 increase in value.  In determining the

4   appropriate date of valuation of the real property to strip off a

5   junior lien, the court reviewed the numerous cases on the issue.

6   The court rejected the premise that § 502's reference to the

7   petition date mandated that a secured claim be valued as of the

8   petition date, given the language of § 506(a).  The court concluded

9   that § 506(a) is intended to be flexible, and that an equitable

10  approach, rather than a hard and fast rule, made sense. The court

11  set out a list of factors to be considered when determining the

12  appropriate date for valuation:  (1) the impact of the debtor's

13  efforts on the postpetition change in value; (2) the expectancies

14  of the parties at the time they may have made the loan agreement

15  (if any); (3) whether the application of different dates for

16  valuation purposes reach an absurd result; (4) the convenience of

17  administration; (5) the equitable concept that those who bear the

18  risk should benefit from the rise in value; (6) a resulting

19  windfall to any one party should be discouraged; (7) the bankruptcy

20  policy set forth in § 552(b) which extends prepetition liens to

21  postpetition proceeds in certain situations (8) the bankruptcy

22  policy set forth in § 362(d), which encourages the tendering of

23  adequate protection payments to a creditor holding depreciating

24  collateral; (9) the oft-stated policy of bankruptcy to secure the

25  debtor a "fresh start"; (10) the result of utilizing a specific

26  date of valuation on the bankruptcy itself including that impact

27  upon senior and junior lien creditors; and (11) whether the party

28

1   benefitting from a delay in valuation has been responsible for that

2   delay. <u>Wood</u>, 190 B.R. at 794-95.

3        Debtor cites a number of other cases in which courts used the

4   petition date to value collateral for other purposes.  The Court

5   does not find these cases to be dispositive. Some of the cases

6   involve depreciating collateral, <u>In re Johnson</u>, 165 B.R. 524, 528

7   (Bankr. S.D. Ga. 1994) (vehicle), which raises other

8   considerations.  <u>See</u> <u>Eblen</u>, 1991 WL 284108, at *2 (a rule that

9   unilaterally fixes the value of the collateral at the time of the

10   filing of the bankruptcy only protects creditors whose collateral

11   depreciates and who have failed to take advantage of the remedies

12   available to them – relief from stay or adequate protection – but

13   leaves creditors whose collateral appreciates remediless).  Others

14   involve valuation of collateral for other purposes such as to

15   determine an exemption. <u>In re Hall</u>, 118 B.R. 671 (Bankr. S.D. Ind.

16   1990). Finally, <u>In re Waters</u>, 276 B.R. 879 (Bankr. N.D. Ill. 2002);

17   <u>In re Driscoll</u>, 57 B.R. 322 (Bankr. W.D. Wis. 1986); and <u>In re</u>

18   <u>Riley</u>, 88 B.R. 906 (Bankr. W.D. Wis. 1987) do not directly analyze

19   the issue.

20        The Court concludes that the equitable approach set forth in

21   <u>Aubain</u> and <u>Wood</u> may be appropriate where there are unusual

22   circumstances.  However, the Court agrees with the approach adopted

23   by the majority of courts that the appropriate date for valuing

24   collateral for purposes of fixing a secured creditor's claim is the

25   confirmation date, or a date close to confirmation.  The plain

26   language of § 506(a) supports the conclusion that when the purpose

27   of the valuation is to determine the treatment of the creditor's

28   secured claim under a plan, and the Debtor intends to retain the

1    collateral, that the value should be set as of the date of

2    confirmation of that plan.

3    //

4    //

5    //

6    //

7    //

8    //

9    **CONCLUSION**

10    Redwood's secured claim shall be valued as of a date that is at

11    or near the confirmation date of Debtor's proposed plan of

12    reorganization.

13

14    Dated: 3|22|13

15

16    ARTHUR S. WEISSBRODT
      UNITED STATES BANKRUPTCY JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

COURT SERVICE LIST

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28